(85 South. 510)

**GARNETT v. PIERCE.    (8 Div. 254.)**

(Supreme Court of Alabama.    April 8, 1920.)

**1. Evidence ⬥376(8)—Books, not shown to have been kept by intestate, inadmissible.**

In an action by an administratrix on an account, items in a book belonging to the intestate were not admissible in evidence, where there was no proof that the intestate kept no clerk during the period of the transactions entered on the pages introduced, nor that he himself did the labor or sold the articles charged to defendant, and witness was able to identify only one entry as being in the handwriting of the intestate, in view of Code 1907, § 4003.

**2. Evidence ⬥314(1)—Inadmissible as hearsay.**

In an action by an administratrix on an account, answer of witness that a certain account book was turned over to him "as such" should have been excluded on objection of defendant, being obviously hearsay.

**3. Account, action on ⬥6(1)—Complaint held sufficiently specific.**

A count in a complaint in an action by an administratrix on an account, "Comes the plaintiff, and claims of the defendant the sum of $115.95, due from him by account between him and plaintiff's intestate during the years 1913 and 1914, which said account is past due and unpaid, and plaintiff avers that said account became due about September, 1914," was sufficiently specific as to the account declared on, under Code 1907, p. 1195, par. 10.

Appeal from Circuit Court, Morgan County;  O. Kyle, Judge.

---

Assumpsit by Hannah Pierce as administratrix against W. W. Garnett. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Count 1 of the complaint was as follows:

Comes the plaintiff, and claims of the defendant the sum of $115.95, due from him by account between him and plaintiff's intestate during the year of 1913 and 1914, which said account is past due and unpaid, and plaintiff avers that said account became due about September, 1914.

S. A. Lynne, of Decatur, for appellant.

The court erred in admitting the two pages of the account book. 118 Ala. 246, 24 South. 80; 16 Ala. App. 330, 77 South. 924. The burden of proving nonpayment of the account rested upon the plaintiff, and this burden was not met. 166 Ala. 257, 51 South. 998, 52 South. 829; 53 South. 339; Id., 173 Ala. 558, 55 South. 828; Id., 188 Ala. 154, 66 South. 11.

Wert & Hutson, of Decatur, for appellee. No brief reached the reporter.

SOMERVILLE, J. [1] The only evidence offered by plaintiff to prove the account sued on was two pages from the book of accounts, identified by the witness McGar as the book kept by plaintiff's intestate. There was no proof that the intestate kept no clerk during the period of the transactions entered on these pages, nor that he himself did the labor or sold the articles charged to defendant; and McGar was able to identify only one entry as being in the handwriting of intestate. On the contrary, it appears that intestate employed helpers to do the work in his shop, who would report the items to him for entry on the book. On this showing the account book was not admissible to prove the account sued on. Loveman v. McQueen, 82 South. 530;[1] Code 1907, § 4003. Its reception was therefore prejudicial error.

[2] The answer of the witness Godbey that the account book in question was turned over to him "as such"—that is, as the account book of intestate—should have been excluded on objection of defendant as being obviously hearsay.

[3] Count 1 of the complaint was sufficiently specific as to the account declared on. Code 1907, p. 1195, par. 10.

For the errors noted the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 203 Ala. 280.